RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0193p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DEAN BOLAND,

               *Plaintiff-Appellant,*

    *v.*

No. 10-4381

ERIC H. HOLDER, JR.,

               *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:09-cv-1614—Solomon Oliver, Jr., Chief District Judge.

Decided and Filed: June 22, 2012

Before: BATCHELDER, Chief Judge; NORRIS and STRANCH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Dean Boland, Esq., BOLAND LEGAL, LLC, Lakewood, Ohio, filing on his own behalf. Thomas M. Bondy, Mark R. Freeman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

_____

**ALAN E. NORRIS, Circuit Judge.** Plaintiff Dean Boland seeks review of the dismissal of his complaint for failure to state a claim upon which relief may be granted. Boland asserts that defense attorneys and expert witnesses are entitled to possess and digitally create child pornography for use in Ohio courtrooms. He seeks a declaratory judgment and injunction preventing the United States Attorney General from prosecuting criminal defense attorneys and defense expert witnesses under a host of federal laws, including those protecting minors from sexual exploitation, for conduct "engaged in as

1

part of [an Ohio] judicial proceeding." Boland claims that the declaratory judgment he seeks is required by the First and Sixth Amendments, as well as by the fact that federal child pornography laws do not preempt state child pornography laws.

The district court disagreed and dismissed Boland's complaint under Federal Rule of Civil Procedure 12(b)(6). On appeal, Boland challenges the district court's legal reasoning on the First Amendment, Sixth Amendment, and preemption issues. He additionally claims that the district court committed procedural error by failing to accept his factual assertions as true. We disagree and affirm the judgment of the district court.

**I.**

This action for declaratory judgment stems indirectly from an investigation of Boland's creation of child pornography by the FBI. In connection with having served as an expert witness and defense attorney in Ohio and federal courts, Boland has possessed and created child pornography by combining benign images of identifiable children and pornographic images of adults. He has used these images to suggest that his clients do not satisfy the *mens rea* requirements of laws under which they are prosecuted. The images Boland has used constitute child pornography under 18 U.S.C. § 2256(8)(C) as they are "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." Though the images Boland created constitute child pornography under federal law, he claims that his use of the images is legal under Ohio law. Ohio's prohibition on child pornography exempts activities engaged in for "a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a . . . person having a proper interest in the material or performance." Ohio Rev. Code Ann. § 2907.321(B)(1); *see also* §§ 2907.322(B)(1), 2907.323(A)(1)(a) (containing the same exception). Federal law contains no such exception.

In June 2005, Boland was detained by the FBI and several of his computers were seized. To avoid prosecution for creating and possessing child pornography, he signed a Pre-Trial Diversion Agreement in which he admitted to creating and possessing child pornography in violation of federal law. In exchange for 18 months of compliance with

the agreement, the United States Attorney for the Northern District of Ohio agreed not to prosecute Boland for the offenses to which he admitted.[1]

Boland has not returned to the practice of creating and possessing child pornography for use in the courtroom, but believes that he is entitled to do so. Boland's complaint seeks a broad injunction preventing the government from prosecuting activities under thirteen federal statutes if those activities are "a. approved by order of a state court officer presiding over any matter involving the Ohio Child Pornography Statutes; . . . b. authorized by any of the Ohio Child Pornography Statutes; or c. engaged in as part of that judicial proceeding involving the Ohio Child Pornography Statutes and in furtherance of same."

Boland presents three arguments that he is entitled to a declaratory judgment and an injunction against prosecution under the federal child pornography laws: (1) that federal child pornography laws do not preempt Ohio child pornography laws, particularly the exceptions contained within the Ohio statute; (2) that the First Amendment prevents prosecution of the creation and possession of child pornography for use in court; and (3) that unless defense attorneys and expert witnesses may take advantage of the exceptions contained in the Ohio statute, criminal defendants in child pornography cases will be denied their Sixth Amendment right to a fair criminal trial.

The district court held that Boland lacked standing to challenge all but two of the federal statutes identified in his complaint, 18 U.S.C. § 2252 and 2252A, as well as any exceptions to those statutes in federal law. Boland does not appeal that part of the district court's order. Only sections 2252 and 2252A are at issue here. These laws prohibit the receipt, distribution, and possession of visual depictions involving the use

---

[1] In a related case, children whose images Boland used to create child pornography brought suit against Boland through their guardians under the private right of action created by federal child pornography laws. *See* 18 U.S.C. §§ 2252A(f), 2255. The district court in *Doe v. Boland* granted Boland's motion for summary judgment, holding that the federal child pornography statutes at issue could not reasonably be read to apply to expert witnesses because to do so could infringe on criminal defendants' Sixth Amendment rights. 630 F.3d 491, 494 (6th Cir. 2011). On appeal, a panel of this court disagreed and held that the federal child pornography laws unambiguously decline to provide an exemption for expert witnesses. *Id.* at 495. The panel in *Doe* explicitly did not consider whether the specific type of image created by Boland is entitled to any First Amendment protection, *id.* at 497, and that question is not raised here. Nor does this appeal directly concern Boland's past creation of child pornography, or the private action against Boland considered in *Doe v. Boland*.

of minors in sexual situations.  Regarding the two remaining statutory sections, the district court found that Boland's arguments did not present a claim on which relief could be granted, and granted the government's Rule 12(b)(6) motion to dismiss.

**II.**

On appeal of dismissal for failure to state a claim on which relief may be granted, we conduct de novo review.  *Frank v. Dana Corp.*, 646 F.3d 954, 958 (6th Cir. 2011). Like a district court considering a motion to dismiss in the first instance, we accept all facts alleged in the complaint as true.  *Id.*  Mere legal assertions and conclusions contained in the complaint need not be accepted as true.  *Rondigo L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.**

Boland claims that the district court erred by failing to accept as true all facts alleged in his complaint.  In support of this claim, he identifies a number of legal conclusions that the court found to lack merit.  For example, the district court declined to accept Boland's legal argument that because federal child pornography statutes do not preempt Ohio's child pornography laws, he is entitled to take advantage of the Ohio exception without fear of federal prosecution.

"To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some *viable* legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis added).  The district court held that Boland's complaint failed that test, not because it refused to accept his factual allegations, but because it found that his legal theory was not viable.  The district court evaluated each of Boland's legal claims, and found, accepting all alleged facts as true, that none of them presented a viable legal theory on which he could prevail.  This was not procedural error.

**IV.**

Boland argues that the district court erred in its conclusion that federal law preempts Ohio law. The district court concluded that because Boland could not take advantage of the exception contained within Ohio law and comply with federal child pornography statutes, the two bodies of law are in conflict. However, because the federal child pornography laws at issue are not in conflict with the Ohio exception, state law is not preempted by the broader federal prohibition on child pornography. The fact that federal law does not preempt Ohio child pornography laws does not, of course, shield defense attorneys or expert witnesses from federal prosecution for possessing or creating child pornography.

The federal laws at issue, 18 U.S.C. §§ 2252 and 2252A, do not contain an exception for defense attorneys, expert witnesses, or judicial purposes. *Doe v. Boland*, 630 F.3d 491, 495 (6th Cir. 2011). The Ohio child pornography laws prohibit an overlapping range of conduct. Like the federal child pornography laws, Ohio law focuses, *inter alia*, on materials that depict minors engaging in sexual activity. *See* Ohio Rev. Code Ann. §§ 2907.321-323. But, Ohio law prohibits less conduct than the federal child pornography laws. That is because each of the relevant Ohio statutes includes an exception for "any material or performance that is . . . displayed, possessed, . . . or presented for a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance." Ohio Rev. Code Ann. § 2907.321(B)(1); *see also* §§ 2907.322(B)(1), 2907.323(A)(1)(a) (containing the same exception).

The Ohio carve out for bona fide purposes does no more than limit the scope of the statutory section in which it resides. The federal law casts a wider net. It prohibits possession and creation of child pornography for any purpose, including those that Ohio deems *bona fide*. A difference in the scope of the two bodies of law does not put them into conflict. Defense attorneys and expert witnesses can easily comply with both the

federal and Ohio child pornography laws.  Though the Ohio law does not prohibit defense attorneys and expert witnesses from creating and possessing child pornography, it does not require them to do so.  The state law does not "stand[ ] as an obstacle" to the accomplishment of the goals of federal child pornography laws.  *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 141 (1963) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).  Where the two bodies of law overlap, state law aids in the accomplishment of federal goals and vice versa.  Where federal law prohibits the possession and usage of child pornography that Ohio allows, the Ohio legislature is powerless to extend an exception contained within its laws to federal laws, nor does it make any attempt to do so.  Though Boland is correct that federal child pornography laws do not preempt Ohio's laws, this fact does not entitle defense attorneys or expert witnesses to violate federal child pornography laws in Ohio courtrooms or anywhere else.

Alternatively Boland argues that the federal law simply does not outlaw conduct by defense attorneys and expert witnesses or contains an implied exception.  The plain language of 18 U.S.C. §§ 2252 and 2252A does not limit the federal child pornography laws' application, and this court has already refused to read one into the unambiguous statutory text.  *Doe*, 630 F.3d at 495.  The federal child pornography statutes at issue apply equally to the malevolent pedophile and the defense attorney.

**V.**

Boland argues broadly that creation and use of child pornography by defense attorneys and expert witnesses is speech that is protected by the First Amendment.  He bases this claim on Justice John Paul Stevens's concurrence in *New York v. Ferber*, 458 U.S. 747, 777 (1982).  In *Ferber*, the Supreme Court held that a New York Statute that prohibited the sale of materials depicting sexual performances by those under sixteen did not violate the First Amendment.  *Id.* at 774.  The Court's majority held broadly that "works that *visually* depict sexual conduct by children" are unprotected by the First Amendment.  *Id.* at 764 (emphasis in original).  Justice Stevens concurred in the judgment, but disagreed with the Court that all child pornography falls outside of

First Amendment protection. He identified situations in which he thought child pornography *would* be protected speech. For example, Justice Stevens concluded that "the exhibition of these films before a legislative committee studying a proposed amendment to a state law . . . could not, in my opinion, be made a crime." *Id.* at 778 (Stevens, J. concurring).

Boland argues that if child pornography is protected by the First Amendment in legislative proceedings, it must also be protected in judicial proceedings. His premise, that legislative use of child pornography is protected by the First Amendment, does not carry the weight of law. The majority is clear that when it comes to visual depictions of sexual performances engaged in by minors, First Amendment protection does not apply. The context of the speech, be it legislative or judicial, does not matter. *Ferber*, 458 U.S. at 763-64. The First Amendment provides no greater protection for child pornography within the courtroom than it does without.

## VI.

Finally, Boland seeks a declaratory judgment based on the Sixth Amendment rights of hypothetical future defendants to have a fair trial.[2] Boland does not allege that his own right to a fair trial, or that of other defense attorneys and expert witnesses, has been or will be violated. The right to a complete defense belongs to criminal defendants, not to their attorneys or expert witnesses. Normally, "[t]he Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury . . . ." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotation marks omitted). However, the Supreme Court has allowed individuals to seek redress for harms to others' rights when two criteria are satisfied: "First, we have asked whether the party asserting the right has a 'close' relationship with the person who

---

[2]This Court earlier rejected a similar argument by Boland in *Doe v. Boland*, and in the course of its opinion the panel noted that "no constitutional principle at any rate allows a criminal defendant to defend *one* criminal charge by urging his lawyer or witness to commit *another*." 630 F.3d at 496.

possesses the right. . . .   Second, we have considered whether there is a 'hindrance' to the possessor's ability to protect his own interests." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (citation omitted); *see also United States v. Ovalle*, 136 F.3d 1092, 1102 (6th Cir. 1998) (criminal defendant has standing to challenge violation of potential jurors' right not to be excluded from the jury based on their race, under the equal protection clause).   In this case, appellant fails to satisfy the second criteria.   Child pornography defendants face no hindrance to challenging violations of their own Sixth Amendment rights.   In prior cases, defendants have raised such challenges, and they face no obstacle to doing so again.   *See, e.g.*, *U.S. v. Paull*, 551 F.3d 516, 524 (6th Cir. 2009).   Because future defendants face no hindrance in raising Sixth Amendment claims on their own behalf, Boland does not have standing to do so here.

## VII.

The judgment of the district court is **affirmed**.