[Cite as *Roe v. Boland*, 2021-Ohio-4017.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JANE ROE, ET AL., | : | |
| Plaintiffs-Appellees, | : | No. 110497 |
| v. | : | |
| DEAN BOLAND, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. JL-11-472146

### *Appearances:*

Jonathan E. Rosenbaum, *for appellees.*

John Taylor, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant Dean Boland ("Boland") appeals from the trial court's May 11, 2021 judgment denying his motion to strike judgment lien and for return of garnished funds plus interest. For the reasons that follow, we affirm the trial court.

## Procedural and Factual Background

{¶ 2}    At issue in this appeal is the status of the plaintiffs as Jane Roe and Jane Doe ("Roe and Doe"), as opposed to using their actual names.    Some background context is necessary to fully understand the plaintiffs proceeding as Roe and Doe plaintiffs.  We find the Sixth Circuit Court of Appeals summation of the facts in *Doe v. Boland* (*In re Boland*), 946 F.3d 335 (6th Cir.2020), helpful:

> The story begins in 2004, when Boland was serving as a technology expert for Oklahoma and Ohio defendants charged with possessing child pornography.  Boland provided his clients a simple defense: doubt.   Here's how it went.   Boland created "before-and-after" exhibits.   The "before" exhibits were innocuous stock photographs Boland found online of two young girls, Jane Doe and Jane Roe. Boland manipulated ("morphed") these photographs on his computer to create the "after" exhibits:  images of Doe and Roe engaged in sex acts.  If Boland could whip up doctored pornography this easily, the argument went, then it is possible the pornography his clients downloaded was doctored, too.   In essence, the defense was that there's just no way of knowing whether real children are depicted in pornography found on the internet.

> Boland tried out his exhibits in an Oklahoma federal court.  After he testified, to his surprise, the prosecution turned toward him.   The "after" exhibits, prosecutors claimed, were actionable child pornography.  The judge interrupted that the exhibits were prepared "at court order" but told Boland to delete the images anyway.  Boland did not comply.   Instead, he called federal prosecutors in his hometown, Cleveland, to see if they agreed his exhibits were illegal. The prosecutors did not call back.  So Boland shipped his computer from Oklahoma to his mother in Ohio, fearing prosecution. Nevertheless, he also continued using the exhibits in testimony in Ohio courtrooms.

> As it turns out, Boland's exhibits were in fact illegal.   18 U.S.C. [Section] 2256(8)(C) defines as "child pornography" any image that is morphed to make it appear that a real minor is engaging in sexually explicit conduct. Ohio federal prosecutors caught up with Boland and offered him a pretrial diversion agreement in lieu of prosecution that Boland signed.  In the agreement, Boland admitted he violated federal

law (18 U.S.C. [Section] 2252A(a)(5)(B), specifically) in morphing the images of Doe and Roe into child pornography.

Federal prosecutors identified Doe and Roe as part of their investigation and told Doe and Roe's parents what Boland had done. The parents promptly sued Boland under the civil-remedy provision of the federal child pornography statute, 18 U.S.C. [Section] 2255 that provides minimum damages of $150,000 to victims of child pornographers.[1] Seeing as Boland admitted he violated the law, Doe and Roe won a combined $300,000 judgment. We rejected all of Boland's challenges to criminal and civil liability. *Doe v. Boland*, 698 F.3d 877 (6th Cir.2012) ("*Boland II*"); *Boland v. Holder*, 682 F.3d 531 (6th Cir.2012); *Doe v. Boland*, 630 F.3d 491 (6th Cir.2011) ("*Boland I*").

*Id.* at 337-338.

{¶ 3} In 2011, Roe and Doe, filed this judgment lien action in the Cuyahoga County Court of Common Pleas, General Division; the subject judgment was the $300,000 judgment rendered in favor of the Roe and Doe plaintiffs and against Boland in federal court. The record shows that the Roe and Doe plaintiffs proceeded as Roe and Doe plaintiffs throughout the entirety of the litigation concerning the matter at issue; that is, throughout the proceedings in the federal district court, the federal circuit court, and the Cuyahoga County Court of Common Pleas.

{¶ 4} In this case, the plaintiffs garnished approximately $70,000 from Boland in 2012. The garnished funds were placed in guardianship accounts with the Cuyahoga County Probate Court under the victims' actual names. The case remained dormant from 2012 until 2021, when Boland filed the subject motion to

---

[1]There were four plaintiffs in the underlying litigation: Jane Roe, a minor, and her "guardian and next friend"; and Jane Doe, a minor, and her "guardian and next friend." The two guardians and next friends were named with their actual names.

strike judgment lien and for return of garnished funds plus interest that the trial court denied. Boland now appeals, raising the following two assignments of error for our review:

> Assignment of Error I: The court erred in its judgment entry by not striking the defective certificate of judgment lien and failing to enter an order that unnamed plaintiffs return the garnished funds plus interest to defendant.

> Assignment of Error II: The federal district court lacked personal jurisdiction over the unnamed plaintiffs resulting in its orders being a nullity and any judgment it entered unenforceable.

## Law and Analysis

{¶ 5} R.C. 2329.02 governs judgment liens and certificates of judgment and provides in pertinent part as follows:

> Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

> No such judgment or decree shall be a lien upon any lands, whether or not situated within the county in which such judgment is rendered * * * until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record, stating the date and purport of the judgment, giving the number of the case, *the full names of the parties*, plaintiff and defendant, and the volume and page of the journal or record in which it is entered, or a certified copy of such judgment, stating such facts, is filed and noted in the office of the county recorder of the county in which the land is situated, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected.

(Emphasis added.)

{¶ 6} It is Boland's contention in his first assignment of error that the certificate in this case was invalid because it did not list the full names of the plaintiffs-creditors. In his second assignment of error, Boland contends that, because the certificate was invalid, the federal district court lacked jurisdiction over the plaintiffs, and any subsequent orders or judgments were unenforceable. We begin our analysis with the second assignment of error.

{¶ 7} The judgment from the federal district court was a "foreign judgment" as defined by R.C. 2329.021: "'foreign judgment' means any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." A foreign judgment is subject to collateral attack in Ohio only if there was no subject-matter or personal jurisdiction to render the judgment under the law of the foreign state. *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1, 227 N.E.2d 609 (1967).

{¶ 8} Subject-matter jurisdiction is not at issue here. Rather, Boland contends that the federal district court did not have personal jurisdiction over the plaintiffs. The principles of personal jurisdiction apply to defendants, not plaintiffs, however. *See Novak v. Boyle*, 8th Dist. Cuyahoga No. 87165, 2005-Ohio-5839, ¶ 7, citing *Clark v. Connor*, 82 Ohio St.3d 309, 695 N.E.2d 751 (1998); *State ex rel. Ruessman v. Flanagan*, 65 Ohio St.3d 464, 605 N.E.2d 31 (1992); *State ex rel. Tempero v. Colopy*, 173 Ohio St. 122, 180 N.E.2d 273 (1962). Boland is

contesting the trial court's personal jurisdiction of the plaintiffs, rather than the court's personal jurisdiction over him; his challenge is misplaced.

{¶ 9} In light of the above, the second assignment of error is without merit and overruled.

{¶ 10} We likewise find the first assignment of error to be without merit. Although a challenge to personal jurisdiction, had it applied here, could generally have been raised at any time, Boland's other alleged irregularity in this case — that the plaintiffs proceeded as Roe and Doe plaintiffs — was never raised at the trial-court level in this case.[2] It is well established that a party's failure to raise an issue at the trial-court level acts as a waiver of the issue on appeal. *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993), citing *State ex rel. Gibson v. Indus. Comm.*, 39 Ohio St.3d 319, 530 N.E.2d 916 (1988). Even had it been raised, the garnishment in this case happened in 2012; Boland's 2021 challenge to it is wholly untimely.

{¶ 11} In light of the above, the first assignment of error is without merit and overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]Boland's only challenge at the trial-court level in this case was that the funds the plaintiffs garnished were exempt because the source of the funds, i.e., a check to Boland, was made payable to "Dean Boland," rather than to "Dean Boland, L.L.C.," as he had requested. The trial court rejected his challenge.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR