[Cite as *Roe v. Taylor*, 2024-Ohio-2714.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JANE ROE, ET AL.,                    :

    Plaintiffs-Appellees,     :

                                  No. 113448

    v.

JOHN TAYLOR, ET AL.,                 :

    Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-968179

---

### *Appearances:*

Jonathan E. Rosenbaum, *for appellees.*

Dworken & Bernstein Co., L.P.A., and Grant J. Keating,
*for defendant-appellee* Nichole Boland.

John Taylor, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, John Taylor (f.k.a. Dean Boland and Jack Boland) ("appellant") appeals the trial court's decision granting summary judgment

in favor of plaintiffs-appellees, Jane Roe and Jane Doe ("appellees"). Finding no merit to the appeal, we affirm.

**Background – Appellant's Prior Related Cases in State and Federal Court**

{¶ 2} At issue in this appeal is summary judgment granted to appellees on their creditors' complaint, filed in the Cuyahoga County Common Pleas Court in September 2022. Some background context is necessary to fully understand the scope of the numerous cases involving appellant. The United States Sixth Circuit Court of Appeals' summation of the facts in *Doe v. Boland* (*In re Boland*), 946 F.3d 335, 337-338 (6th Cir. 2020), as restated in *Roe v. Boland*, 2021-Ohio-4017, ¶ 1-2 (8th Dist.), is helpful in this regard:

> The story begins in 2004, when Boland was serving as a technology expert for Oklahoma and Ohio defendants charged with possessing child pornography. Boland provided his clients a simple defense: doubt. Here's how it went. Boland created "before-and-after" exhibits. The "before" exhibits were innocuous stock photographs Boland found online of two young girls, Jane Doe and Jane Roe. Boland manipulated ("morphed") these photographs on his computer to create the "after" exhibits: images of Doe and Roe engaged in sex acts. If Boland could whip up doctored pornography this easily, the argument went, then it is possible the pornography his clients downloaded was doctored, too. In essence, the defense was that there's just no way of knowing whether real children are depicted in pornography found on the internet.
>
> Boland tried out his exhibits in an Oklahoma federal court. After he testified, to his surprise, the prosecution turned toward him. The "after" exhibits, prosecutors claimed, were actionable child pornography. The judge interrupted that the exhibits were prepared "at court order" but told Boland to delete the images anyway. Boland did not comply. Instead, he called federal prosecutors in his hometown, Cleveland, to see if they agreed his exhibits were illegal. The prosecutors did not call back. So Boland shipped his computer from Oklahoma to his mother in Ohio, fearing prosecution.

Nevertheless, he also continued using the exhibits in testimony in Ohio courtrooms.

As it turns out, Boland's exhibits were in fact illegal. 18 U.S.C. 2256(8)(C) defines as "child pornography" any image that is morphed to make it appear that a real minor is engaging in sexually explicit conduct. Ohio federal prosecutors caught up with Boland and offered him a pretrial diversion agreement in lieu of prosecution that Boland signed. In the agreement, Boland admitted he violated federal law (18 U.S.C. 2252A(a)(5)(B), specifically) in morphing the images of Doe and Roe into child pornography.

Federal prosecutors identified Doe and Roe as part of their investigation and told Doe and Roe's parents what Boland had done. The parents promptly sued Boland under the civil-remedy provision of the federal child pornography statute, 18 U.S.C. 2255 that provides minimum damages of $150,000 to victims of child pornographers. Seeing as Boland admitted he violated the law, Doe and Roe won a combined $300,000 judgment.

{¶ 3} Boland's subsequent challenges to criminal and civil liability have all been denied. *See Lora v. Boland*, 825 F.Supp.2d 905 (N.D. Ohio 2011); *Doe v. Boland*, 630 F.3d 491 (6th Cir. 2011); *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012); *Boland v. Holder*, 682 F.3d 531 (6th Cir. 2012).

{¶ 4} The appellees were later awarded $43,214.11 in attorneys' fees on the aforementioned $300,000 judgment, plus four percent interest on the full judgment. In partial satisfaction of those judgments, the minors garnished a $70,000 payment appellant was owed by the State of Ohio. The funds were placed, and remain, in guardianship accounts in Cuyahoga County Probate Court. As of

April 11, 2023, the $70,000 garnishment is appellant's only payment toward the judgments against him. *Disciplinary Counsel v. Taylor*, 2024-Ohio-1082, ¶ 8.[1]

**Bankruptcy Case**

{¶ 5} In January 2016, Taylor filed a bankruptcy petition in the Bankruptcy Court for the Northern District of Ohio, seeking to discharge the $300,000 civil judgment. Although he was initially successful in that endeavor, the Bankruptcy Appellate Panel of the Sixth Circuit reversed the bankruptcy court's judgment, determining that appellant's actions in using the images of the two minors was "malicious" and that therefore the judgments in their favor could not be discharged in bankruptcy. *In re Boland*, 596 B.R. 532 (6th Cir. BAP 2019).

**State Court Case**

{¶ 6} In 2011, appellees filed a judgment lien against appellant in the Cuyahoga County Court of Common Pleas, General Division; the subject judgment was the $300,000 judgment rendered in favor of the appellees and against appellant in federal court.

{¶ 7} The case remained dormant from 2012 until 2021, when appellant filed a motion to strike the judgment lien and for return of his garnished funds, plus

---

[1] Appellant was suspended from the practice of law for six months, stayed, for professional misconduct based on his failure to give truthful answers to questions on an application he submitted to the State Medical Board of Ohio to obtain a physician-assistant license regarding his identity, whether he had had allegations made against him or investigations concerning him, and whether he had had lawsuits filed against him. Although the State of Ohio initially granted appellant a physician's assistant's license in 2019, appellant agreed to permanently surrender his license in 2022 after an investigation concluded that appellant gave false answers on his application.

interest. The trial court denied his motion. Boland appealed, arguing that the judgment lien was defective because it did not list appellees' real and full names; the issue on appeal was that appellees filed suit using pseudonyms. Appellant further argued that, because the certificate was invalid, the federal district court lacked jurisdiction over the appellees, and any judgments or orders were unenforceable.

{¶ 8} This court affirmed the trial court's judgment, holding that Boland's challenge to federal jurisdiction was misplaced and that he failed to raise the issue of personal jurisdiction in the trial court, so it was waived on appeal. *Boland*, 2021-Ohio-4017, at ¶ 8. This court further held that his challenge was "wholly untimely" because the garnishment occurred in 2012 and appellant failed to challenge it until 2021. *Id.* at ¶ 10.

{¶ 9} In 2022, appellees moved to revive the judgment against appellant in federal district court, which was granted.

**Current Case**

{¶ 10} Appellees filed a creditor's complaint in September 2022, alleging that appellant and his then-wife Nichole Boland ("Nichole") had assets that had not been disclosed, that the couple was in the process of a divorce, and that appellant would receive proceeds from the divorce that were owed to appellees. The complaint appellees filed named both appellant and his former wife as defendants.[2]

---

[2] Appellant and Nichole filed for dissolution of their marriage in August 2022. Their dissolution was finalized in October 2022 and, as part of their agreement, Nichole was granted appellant's interest in the marital home.

{¶ 11} Appellant filed a motion to dismiss and, later, a motion for summary judgment, focusing on appellees' use of pseudonyms in pleadings. The trial court denied both motions. Appellees then moved for summary judgment, which the trial court granted. The trial court found that there were no genuine issues of material fact and appellees were entitled to judgment as a matter of law. The court ordered the following:

> Defendants are ordered to disclose all property, as enumerated under R.C. 2333.01, in which is under their possession or control in which defendant John Taylor has any interest, or from which any money or property is due or [will] become [due] to defendant John Taylor.

> Further, defendant [Nichole] Boland shall pay the monies or other proceeds that will come due to defendant John Taylor upon the sale of the marital residential property . . . to plaintiffs and in such manner as directed by plaintiffs' counsel.

{¶ 12} Appellant filed a notice of appeal and raises eight assignments of error, many of which will be combined for review. *See* appendix.

{¶ 13} In the first, second, third, fourth, and sixth assignments of error appellant argues that the trial court erred in allowing judgment against him.

{¶ 14} Appellant first argues that the 2011 judgment against him was improperly revived in federal court and, as such, appellees should not be allowed to recover.

{¶ 15} On March 28, 2022, the United States District Court for the Northern District of Ohio granted appellees' motion to revive judgment under R.C. 2325.15 and 2325.18. *Doe v. Boland*, 1:07cv2787 (N.D. Ohio Mar. 28, 2022). Appellant

moved to vacate the court's decision, which the court denied. *Doe v. Boland*, 1:07cv2787 (N.D. Ohio May 9, 2022). Appellant did not appeal that decision.

{¶ 16} Next, as previously discussed in *Boland*, 2021-Ohio-4017, "[t]he judgment from the federal district court was a 'foreign judgment' as defined by R.C. 2329.021":

> "'Foreign judgment' means any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." A foreign judgment is subject to collateral attack in Ohio only if there was no subject-matter or personal jurisdiction to render the judgment under the law of the foreign state. *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1 (1967).
>
> Subject-matter jurisdiction is not at issue here. Rather, Boland contends that the federal district court did not have personal jurisdiction over the plaintiffs. The principles of personal jurisdiction apply to defendants, not plaintiffs, however . . . Boland is contesting the trial court's personal jurisdiction of the plaintiffs, rather than the court's personal jurisdiction over him; his challenge is misplaced.

*Id.* at ¶ 7 -8.

{¶ 17} In this appeal, appellant again tries to challenge the court's jurisdiction; his arguments are once again without merit. If appellant wished to challenge a judgment rendered in federal court, the proper place to do so is in federal court, not state court.

{¶ 18} Appellant also claims that the bankruptcy court did not have personal jurisdiction over him because appellees' attorney was unauthorized to represent them. He argues that the bankruptcy court's decision is "void" and proposes this court disregard the bankruptcy court's judgment. Again, had appellant wanted to challenge the decision of the bankruptcy court, he could have done so in that court.

Moreover, his claim that the bankruptcy court did not have personal jurisdiction over him because appellees' attorney was "unauthorized" to represent them is wholly unsupported by fact or law.

{¶ 19} Appellant next challenges appellees' use of pseudonyms to identify themselves. He claims that no one knows who the appellees are, including himself and the courts, and that their insistence on remaining anonymous violates the Ohio Constitution and state statutes.

{¶ 20} Appellant's claim is untimely. He has previously made this claim, which was rejected, in both state and federal court. *See Boland*, 2021-Ohio-4017, at ¶ 10 (finding that the argument was never raised at the trial-court level and is therefore waived and even if not waived, the claim is untimely). *See also Lora v. Boland*, 2021 U.S. Dist. LEXIS 110310 (N.D. Ohio May 25, 2021) (finding that "Boland did not suffer any prejudice from plaintiffs' anonymity. . . . He knew the identities of Jane Doe, Jane Roe and their co-plaintiff parents, who were not anonymous . . . . The minors' anonymity had little, if any, effect on Boland's ability to defend against their claims. . . . [R]ather than moving the Court to reveal plaintiffs' identities at a meaningful time when the Court could have denied it, Boland has collaterally attacked plaintiffs' judgment years after it was affirmed on appeal. His motion borders on frivolous and is hereby DENIED."). If his claim was untimely in 2021, it is even more so today.

{¶ 21} Appellant argues that because the appellees are no longer minors, they should be identified by their full names and the failure to do so renders their

complaint defective. We disagree and find no merit to his claim that claimants lose their ability to use pseudonyms once they reach the age of majority.

{¶ 22} We further note that courts often identify victims of sex crimes by pseudonyms. So even though the appellees' status as minors has changed, their status of being victims of a sex crime has not. We acknowledge that appellant was not convicted for his conduct because he reached an agreement with federal prosecutors and entered into a diversion program, but that does not change the status of the victims herein. This is especially true since appellant, as part of his agreement with federal prosecutors, admitted that he "knowingly possess[ed] a computer . . . that contained images of child pornography, . . . [which] was produced using materials that had been shipped and transported in interstate and foreign commerce by any means including by computer." *Disciplinary Counsel v. Taylor*, 2024-Ohio-1082, at ¶ 6. *See also* Loc.App.R. 13.2(B)(1)(d) ("The following information is deemed 'personal and private' and shall not be included in any unsealed document filed with this court . . . the name of the victim of a sexual offense, except for the victim's initials or a generic term or abbreviation such as "Victim 1" or "V1." To the extent reference to another person is likely to reveal the identity of the victim of a sexual offense, that person should also be identified by a generic term or initials.").

{¶ 23} Finally, we note that both appellant and the court know the identity of the claimants, and any argument to the contrary is specious. Appellees filed a

personal identification form with the trial court, identifying themselves by their full names.

{¶ 24} Considering the above, appellant's first through fourth and sixth assignments of error are overruled.

{¶ 25} In the fifth assignment of error, appellant contends the trial court's judgment "improperly rewrote" his separation agreement, removing rights belonging to him.

{¶ 26} Appellant contends that the court's order contains ambiguity "that is likely to lead anonymous plaintiffs to engage in even more litigation against [Nichole] Boland and Taylor" if appellant does not make payments to his former wife as outlined in their separation agreement.

{¶ 27} Appellant's arguments are contingent on the future action, or inaction, of multiple parties, including himself. His claim cannot be predicated on unknown future conduct.

{¶ 28} The fifth assignment of error is overruled.

{¶ 29} In the seventh assignment of error, appellant claims that the appellees failed to follow R.C. 2111.17 in filing a creditor's complaint against him.

{¶ 30} R.C. 2111.17 provides:

> A guardian may sue in the guardian's own name, describing the guardian as suing on behalf of the ward. When the guardianship ceases, actions or proceedings then pending shall not abate, if the right survives. The guardian's successor as guardian, the executor or administrator of the ward, or the ward, if the guardianship has terminated other than by the ward's death, shall be made party to the suit or other proceeding as the case requires, in the same manner an

executor or administrator is made a party to a similar suit or proceeding if the plaintiff dies during its pendency.

{¶ 31} Appellant contends that R.C. 2111.17 is applicable to the case at bar because, once the minors became adults, the federal court's 2011 judgment was no longer enforceable. Appellant fails to cite any authority to support his claim. However, we note that R.C. 2111.17 does not apply; the statute does not provide that persons who obtained a judgment as minors may not enforce that judgment after reaching the age of majority. Moreover, because appellees were adults and were not otherwise a ward of the State at the time they filed the instant case, no guardian sued on their behalf.

{¶ 32} The seventh assignment of error is overruled.

{¶ 33} As to the eighth assigned error, although appellant's brief lists a proposed assigned error, appellant does not argue it separately in his brief as required by the appellate rules. *See* App.R. 12(A)(2) and 16(A). Therefore, it is summarily overruled.

{¶ 34} We agree with the federal court in stating that appellant's repeated and unsupported claims border on frivolous. His arguments have no merit, and the trial court's judgment is affirmed in its entirety.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

Appendix – appellant's assignments of error

I. The court erred in permitting this action to be grounded in a 2011 judgment which became dormant in 2016 under Ohio law.

II. The court erred in failing to dismiss this matter despite the failure of anonymous plaintiffs to revive their dormant judgment.

III. The court erred in failing to dismiss this matter because the complaint failed to comply with Civil Rule 10(a) and anonymous plaintiffs presented no evidence to the trial court establishing their eligibility to make use of the narrow exceptions to proceed anonymously.

IV. The court erred in failing to dismiss this matter because the judgment certificate underlying the anonymous plaintiffs claimed right to sue was defective under R.C. 2329.02 and could not be the basis for any valid creditor's bill action.

V. The court erred in its final judgment which improperly rewrote defendants' separation agreement imposing new obligations and duties on defendant Boland and removing rights in that agreement belonging to Taylor.

VI. The court erred in failing to dismiss this matter because it is grounded in a judgment of the United States Bankruptcy for the Northern District of Ohio that was indisputably obtained by a fraud on the court in that the lawyer filing the adversary proceeding which ultimately caused the judgment to be exempt from discharge did so without the authority of the purported creditors Doe and Roe to file that action.

VII. The court erred in failing to dismiss this matter because the bankruptcy court which ultimately reversed its discharge of this debt did so without personal jurisdiction over the defendant Taylor.

VIII. The anonymous plaintiffs if they are in fact valid creditors of defendant were required to comply with [R.C.] 2111.17 at the time they reached majority and failed to do so rendering their judgment unenforceable until that compliance was achieved.