[Cite as *State ex rel. Garrison v. Hawkins*, 2025-Ohio-3160.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Q. Garrison, | : | |
| Relator, | : | |
| | : | No. 24AP-764 |
| v. | : | (REGULAR CALENDAR) |
| Judge Daniel Hawkins et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on September 4, 2025

*Carlos Q. Garrison*, pro se.

[*Shayla D. Favor*], Prosecuting Attorney, and *Patrick A. Stevens*, for respondents.

IN PROHIBITION
ON RESPONDENTS' MOTION TO DISMISS

BEATTY BLUNT, J.

{¶ 1} Petitioner, Carlos Q. Garrison, has commenced this original action seeking a writ of prohibition ordering respondents, Judge Daniel Hawkins and Judge Richard Brown, to prohibit any further proceedings against him in the Franklin County Court of Common Pleas because the court lacks jurisdiction and is not the proper venue. Respondents have filed a motion to dismiss petitioner's petition pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that petitioner cannot establish that the trial court's

exercise of judicial power is unauthorized by law or that there is no other adequate remedy at law. The magistrate further concluded that petitioner also cannot show that the trial court patently and unambiguously lacks jurisdiction. Finally, the magistrate concluded that petitioner also has an adequate remedy at law. Accordingly, the magistrate recommended this court grant the motion to dismiss filed by respondents and dismiss petitioner's action.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein, and conclude that petitioner has not shown he is entitled to a writ of prohibition, and his action must be dismissed.

*Writ of prohibition denied*;
*complaint dismissed.*

DORRIAN and MENTEL, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Carlos Q. Garrison, | : | |
| Relator, | : | |
| v. | : | No. 24AP-764 |
| Judge Daniel Hawkins/Richard Brown, | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 29, 2025

*Carlos Q. Garrison*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Patrick A. Stevens*, for respondents.

IN PROHIBITION
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5}   Petitioner, Carlos Q. Garrison, has commenced this original action seeking a writ of prohibition ordering respondents, Judge Daniel Hawkins and Judge Richard Brown to prohibit any further proceedings against him in the Franklin County Court of Common Pleas because the court lacks jurisdiction and is not the proper venue. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:
{¶ 6}   1. Petitioner is an inmate in the Franklin County Correctional Center.

{¶ 7}   2. Judge Hawkins was a judge in the Franklin County Court of Common Pleas

and presided over petitioner's criminal case, Franklin C.P. No. 22 CR 3647 ("common pleas case," "underlying case," or "case no. 22 CR 3647"). However, Judge Brown now presides over petitioner's common pleas case and is the proper respondent pursuant to Civ.R. 25(D)(1). Petitioner was indicted in case no. 22 CR 3647 on three counts of possession of drugs and three counts of trafficking in drugs, with two major drug offender specifications.

{¶ 8} 3. On December 17, 2024, petitioner filed a motion to dismiss for lack of jurisdiction and improper venue in case no. 22 CR 3647.

{¶ 9} 4. On December 30, 2024, petitioner filed the present petition for writ of prohibition. In the petition, petitioner claims that based upon certain facts and evidence presented at a January 9, 2024, suppression hearing in his common pleas case, the Franklin County Court of Common Pleas lacks jurisdiction over his criminal case, and venue is not proper in that court. Petitioner contends that venue is, instead, proper in Madison County.

{¶ 10} 5. As of the date of the filing of petitioner's petition, the matter had not proceeded to trial.

{¶ 11} 6. On February 3, 2025, respondents filed a motion to dismiss the petition for writ of prohibition pursuant to Civ.R. 12(B)(6).

{¶ 12} 7. On February 20, 2025, petitioner filed a motion for default judgment based upon respondents' failure to file any responsive pleading. Petitioner also filed on February 20, 2025, a response to respondents' motion to dismiss.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant respondents' motion to dismiss this action.

{¶ 14} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the

court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). The absence of an adequate remedy at law is not a required element if it can be shown that the trial court patently and unambiguously lacks jurisdiction. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 17, citing *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 6.

{¶ 15} Whether a court patently and unambiguously lacks jurisdiction for purposes of a writ of prohibition is a question of the court's subject-matter jurisdiction. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988) (prohibition tests and determines solely and only the subject-matter jurisdiction of the trial court). *See also State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 17, citing *Jones*, 2022-Ohio-2427 at ¶ 8 (prohibition will generally lie only for an absence of subject-matter jurisdiction). Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases. *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *State v. Harper*, 2020-Ohio-2913, ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) (explaining that jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts).

{¶ 16} Common pleas courts "have such original jurisdiction over all justiciable matters . . . as may be provided by law." Ohio Const., article IV, § 4(B). Thus, when a common pleas court patently and unambiguously lacks jurisdiction to hear a case, " 'it is almost always because a statute explicitly removed that jurisdiction.' " *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 14, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9.

{¶ 17} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true,

'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250 (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 18} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 19} In the present case, there is no dispute that the first element of a prohibition action has been met, in that respondents have exercised and will continue to exercise judicial power in case no. 22 CR 3647 by proceeding with the criminal action against petitioner.

{¶ 20} With regard to the second and third elements, the magistrate finds that petitioner cannot establish that the trial court's exercise of judicial power is unauthorized by law or that there is no other adequate remedy at law. Petitioner also cannot show that the trial court patently and unambiguously lacks jurisdiction. Although the allegations raised by petitioner in his petition relate largely to issues of venue, it is clear that the Franklin County Court of Common Pleas has subject-matter jurisdiction over case no. 22 CR 3647. Article IV, Section 4(B) of the Ohio Constitution provides that "courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." R.C. 2931.03 provides that: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

*See Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 (finding that a common pleas court has subject-matter jurisdiction over felony cases). Petitioner has failed to identify any statute that explicitly removes or divests the trial court's clear subject-matter jurisdiction here. Thus, the magistrate finds that the trial court has subject-matter jurisdiction, and its exercise of power is authorized by law, in this respect.

{¶ 21} Petitioner also has an adequate remedy at law. On December 17, 2024, petitioner filed a motion to dismiss for lack of jurisdiction and improper venue, raising the same arguments as he raises in the present case. Respondent Judge Brown has not ruled on that motion. It has been held that extraordinary relief in prohibition generally does not lie to challenge a decision on a motion challenging venue because appeal following a final judgment provides an adequate legal remedy. *See State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 173 (1999). The magistrate also notes that venue is neither a material element of a criminal offense nor a jurisdictional issue, *State v. Loucks*, 28 Ohio App.2d 77 (4th Dist. 1971), but is a fact that must be proven by the state beyond a reasonable doubt at trial. *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 36 (explaining that venue is not a material element of any crime but, unless waived, is a fact that must be proven at trial beyond a reasonable doubt). At this juncture, petitioner's arguments are based on testimony given at a suppression hearing and no hearing or trial has taken place addressing the specific issue of venue. Thus, petitioner has an adequate remedy at law by way of motion in the trial court, argument at trial, or appeal.

{¶ 22} Accordingly, it is the magistrate's decision that this court should grant respondents' motion to dismiss petitioner's petition for writ of prohibition. Petitioner's February 20, 2025, motion for default judgment is denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.