*Wednesday, July 5, 1995*

## MOTION DOCKET

**90–22.** State v. Waddy. *Franklin County,* Nos. 87AP–1159 and 87AP–1160. Upon consideration of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Franklin County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective June 29, 1995.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and the same are hereby, stayed pending the exhaustion of all· proceedings for post-conviction relief before courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**92–2019.** State v. Fox. *Wood County,* No. 90–WD–067. Upon consideration of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Wood County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective June 29, 1995.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and the same are hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

## RECONSIDERATION DOCKET

**94–2593.** State v. Palmer. *Franklin County,* No. 87AP–21. Reported at 72 Ohio St.3d 1536, 650 N.E.2d 477. IT IS ORDERED by the court that the motion for reconsideration of this court's dismissal for want of prosecution be, and is hereby, denied, effective June 29, 1995.

## DISCIPLINARY DOCKET

**92–2537.** Disciplinary Counsel v. Williams. This cause came on for further consideration upon the filing of respondent's motion to purge contempt. Upon consideration thereof,

IT IS ORDERED by the court that the motion be, and is hereby, granted, effective June 28, 1995.

## MISCELLANEOUS DISMISSALS

**95–659.** State ex rel.. Buoscio v. Mahoning Cty. Court of Appeals. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. It appears from the records of this court that relator has not filed a merit brief, due June 26, 1995, in compliance with the Rules of Practice of the Supreme Court, and, therefore, has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte,* effective June 29, 1995.