[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 454.]

THE STATE OF OHIO, APPELLEE, *v*. WILLIAMS, APPELLANT.

[Cite as *State v. Williams*, 1996-Ohio-313.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Claims asserting ineffective assistance of appellate counsel in capital cases must be raised in the first appeal as of right in the Supreme Court.*

(No. 95-906—Submitted November 7, 1995—Decided February 7, 1996)

APPEAL from the Court of Appeals for Cuyahoga County, No. 47853.

———————————

{¶ 1} In 1983, appellant, Lewis Williams, Jr., was convicted of aggravated murder with aggravated robbery and firearm specifications, and aggravated robbery, and was sentenced to death. The Court of Appeals for Cuyahoga County affirmed the convictions and sentence. *State v. Williams* (Oct. 25, 1984), Cuyahoga App. No. 47853, unreported. We affirmed the convictions. *State v. Williams* (1986), 23 Ohio St.3d 16, 23 OBR 13, 490 N.E.2d 906.

{¶ 2} On June 30, 1993, one day before App.R. 26(B) became effective, appellant filed a motion for delayed reconsideration in the court of appeals. However, he filed the motion in the appellate case that appealed from the denial of postconviction relief under R.C. 2953.21, not from the direct appeal of his criminal convictions. On August 1, 1994, the court of appeals dismissed the motion because it had been filed in the wrong case. On October 27, 1994, appellant filed an application to reopen his appeal under App.R. 26(B), presenting nine assignments of error allegedly constituting ineffective assistance of appellate counsel, and arguing as good cause for not filing within ninety days of journalization of the judgment sought to be reopened, as required by App.R. 26(B)(2)(b), the delay occasioned by filing the motion for delayed reconsideration in the wrong case.

**{¶ 3}** The court of appeals rejected the good-cause argument, stating that counsel's negligence in filing in the wrong case could not constitute good cause. Moreover, the court of appeals noted that appellant had waited nearly three months after his motion for delayed reconsideration had been dismissed to file his application for reopening. The court of appeals also held that the issues raised were *res judicata,* as appellant had changed counsel on appeal to this court from the judgment of the court of appeals affirming the convictions and could have raised claims of ineffective assistance of appellate counsel in this court.

**{¶ 4}** Appellant appeals from this judgment.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Karen L. Johnson*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Stephen A. Ferrell and Richard J. Vickers*, Assistant Public Defenders, for appellant.

_____

*Per Curiam.*

**{¶ 5}** In his first proposition of law, appellant argues that good cause was shown for the nearly three-month delay between dismissal of the motion for delayed reconsideration and the filing of the motion for reopening because the public defender's office was extremely busy and the second motion had to be newly researched. We reject this argument. Ten years elapsed since journalization of the appellate judgment sought to be reopened and the filing of the motion for reopening. But relief had been available during that time under former App.R. 14(B) and 26, see *State v. Reddick* (1995), 72 Ohio St.3d 88, at 90, 647 N.E.2d 784, at 786, and had been expressly available under *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, since February 1992, over one year prior to the application for delayed reconsideration. There is no good cause for delay here.

{¶ 6} Moreover, we affirm the judgment of the court of appeals and hold that issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so. Thus, in capital cases in which the death penalty has been imposed for offenses committed before January 1, 1995, such issues must be raised in the first appeal as of right in this court, unless, because of unusual circumstances, applying the doctrine of *res judicata* would be unjust. See *State v. Murnahan, supra*, 63 Ohio St.3d at 66, 584 N.E.2d at 1209.

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————