[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 514.]

THE STATE OF OHIO, APPELLEE, *v.* FOX, APPELLANT.

[Cite as *State v. Fox*, 1998-Ohio-517.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B).*

(No. 98-682—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Wood County, No. 90-WD-067.

_____

{¶ 1} Appellant, Richard E. Fox, was convicted of the aggravated murder of Leslie Keckler and sentenced to death. He was also sentenced to prison for kidnapping Keckler. The court of appeals affirmed the convictions and sentence. *State v. Fox* (Aug. 7, 1992), Wood App. No. 90-WD-067, unreported, 1992 WL 185671. On direct appeal as of right, we also affirmed. *State v. Fox* (1994), 69 Ohio St.3d 183, 631 N.E.2d 124, certiorari denied, *Fox v. Ohio* (1994), 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604.

{¶ 2} We continued a stay of execution after Fox filed a petition for postconviction relief. *State v. Fox* (1995), 72 Ohio St.3d 1553, 651 N.E.2d 431. The trial court dismissed Fox's petition for postconviction relief, the court of appeals affirmed that dismissal, *State v. Fox* (May 16, 1997), Wood App. No. WD-96-031, unreported, 1997 WL 256659, and we declined to accept Fox's appeal. *State v. Fox* (1997), 79 Ohio St.3d 1506, 684 N.E.2d 89.

{¶ 3} On December 1, 1997, Fox filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel

before that court.  The court of appeals noted that Fox's application was untimely under App.R. 26(B) for not having been filed within ninety days after the journalization of the decision of the court of appeals, which occurred on August 7, 1992.

{¶ 4} Before the court of appeals, Fox's attorney claimed that he had "good cause" for the untimely filing because "trial and appellate counsel [were] the same, [and] counsel cannot be expected to raise his own ineffectiveness on direct appeal." The court of appeals, however, found that new counsel were representing Fox in 1995.  Hence, the court of appeals noted that even if it "were to accept [Fox's] 'good cause' argument, he has still failed to show 'good cause' for the approximate three-year delay in filing this application."

{¶ 5} Accordingly, the court of appeals denied Fox's untimely application to reopen his appeal.  Fox now appeals that decision to this court.

_____

*Alan R. Mayberry*, Wood County Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *William S. Lazarow*, Assistant Public Defender, for appellant.

_____

***Per Curiam***.

{¶ 6} We affirm the judgment of the court of appeals.  "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.' " *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.

{¶ 7} The state asserts that current counsel, David H. Bodiker, Ohio Public Defender, and William S. Lazarow, Assistant Public Defender, have represented Fox since at least June 21, 1995, when they filed the petition for postconviction relief in the trial court.  Fox has not denied that claim.  Thus, even if we were to

assume good cause existed before June 21, 1995, because counsel cannot be expected to argue their own ineffectiveness, *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785, that good cause has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. See *State v. Hill* (1997), 78 Ohio St.3d 174, 677 N.E.2d 337; *State v. Carter* (1994), 70 Ohio St.3d 642, 640 N.E.2d 811. We specifically reject Fox's claim that "once an applicant has established good cause for filing more than ninety days after journalization  * * *, it does not matter when the application is filed."

**{¶ 8}** Accordingly, we agree with the court of appeals that Fox has not established good cause for his late filing of the application for reopening.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.

————————————