[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Wogenstahl*, Slip Opinion No. 2024-Ohio-2714.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2714

THE STATE OF OHIO, APPELLEE, *v*. WOGENSTAHL, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Wogenstahl*, Slip Opinion No. 2024-Ohio-2714.]**

*App.R. 26(B)—Delayed application to reopen direct appeal of capital-murder conviction—Appellant failed to show good cause for the delay in filing his application to reopen—Claim that trial court lacked jurisdiction over appellant's case is barred by this court's caselaw precluding the filing of a successive application to reopen and by res judicata—Court of appeals' judgment affirmed.*

(No. 2023-0945—Submitted April 23, 2024—Decided October 1, 2024.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-930222.

————————

KENNEDY, C.J., authored the opinion of the court, which KING, LUCCI, DONNELLY, STEWART, and WALDICK, JJ., joined. LUCCI, J., authored a concurring opinion, which DONNELLY, J., joined. BRUNNER, J., dissented, with an opinion.

ANDREW J. KING, J., of the Fifth District Court of Appeals, sat for FISCHER, J. EUGENE A. LUCCI, J., of the Eleventh District Court of Appeals, sat for DEWINE, J. JUERGEN A. WALDICK, J., of the Third District Court of Appeals, sat for DETERS, J.

**KENNEDY, C.J.**

{¶ 1} In this appeal as of right from the First District Court of Appeals, appellant, Jeffrey Wogenstahl, challenges the denial of his delayed application to reopen his direct appeal under App.R. 26(B). App.R. 26(B)(1) requires an applicant to file an application to reopen within 90 days of the date of journalization of the court of appeals' judgment or to "show good cause" for the delay. The court of appeals concluded that Wogenstahl failed to show good cause for filing his application to reopen nearly 30 years late and therefore denied it. Wogenstahl contends that he demonstrated good cause because the trial court lacked jurisdiction to convict him and a lack of jurisdiction may be raised at any time.

{¶ 2} However, Wogenstahl failed to show good cause for the delay in filing his application to reopen, and even if he had justification for the delay, his claim that the trial court lacked jurisdiction over his case is barred by our caselaw precluding the filing of a successive application to reopen and by res judicata. Therefore, we affirm the judgment of the First District Court of Appeals denying Wogenstahl's untimely application to reopen.

## I. Facts and Procedural History

{¶ 3} In November 1991, a ten-year-old child was taken from her home in Harrison, Ohio. Her body was discovered days later in an overgrown area in Bright, Indiana, around four miles beyond the Ohio-Indiana state line. *State v. Wogenstahl*, 2017-Ohio-6873, ¶ 1, 4, 10, 13, 15, 21.

{¶ 4} In 1993, Wogenstahl was convicted of kidnapping and murdering the child and was sentenced to death in the Hamilton County Court of Common Pleas. The First District upheld his convictions and death sentence, and we affirmed. *State*

*v. Wogenstahl*, 1996-Ohio-219; *State v. Wogenstahl*, 1994 WL 686898 (1st Dist. Nov. 30, 1994). Wogenstahl's petition for postconviction relief was rejected. *See State v. Wogenstahl*, 1998 WL 306561 (1st Dist. June 12, 1998), *appeal not accepted*, 83 Ohio St.3d 1449 (1998). He also sought leave from the trial court to file delayed new-trial motions in 1998, 2003, and 2014, but the trial court denied each of his requests for leave. The court of appeals affirmed those judgments. *State v. Wogenstahl*, 1999 WL 79052 (1st Dist. Feb. 19, 1999); *State v. Wogenstahl*, 2004-Ohio-5994 (1st Dist.); *State v. Wogenstahl*, 2015-Ohio-5346 (1st Dist.).

**{¶ 5}** In March 1998, Wogenstahl applied to reopen his direct appeal; the First District dismissed the application for lack of good cause for the delay in filing and because res judicata barred his application. *See State v. Wogenstahl*, 1998-Ohio-587, ¶ 6. We affirmed. *Id.* at ¶ 9.

**{¶ 6}** Wogenstahl's requests for federal habeas corpus relief have also been unsuccessful. *See Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012); *see also Wogenstahl v. Warden*, *Chillicothe Corr. Inst.*, 2023 WL 6459533, \*2 (S.D.Ohio Oct. 4, 2023).

**{¶ 7}** In 2015, Wogenstahl moved this court to vacate his pending execution date and to reopen his capital appeal. After we granted his application to reopen, *State v. Wogenstahl*, 2016-Ohio-2807, Wogenstahl filed a merit brief arguing three propositions of law:

> (1) An Ohio court lacks subject matter jurisdiction when the state fails to prove such jurisdiction beyond a reasonable doubt. Any resulting conviction is void and violates a defendant's constitutional rights to [a] fair trial and due process. U.S. Const. amends. VI and XIV.

(2) A defendant is denied the effective assistance of counsel, when a trial court lacks subject matter jurisdiction and defense counsel fails to raise the issue.  U.S. Const. amends. VI and XIV.

(3) Trial of a defendant in a court without subject matter jurisdiction would necessarily violate the defendant's substantive and procedural constitutional rights to a fair trial and due process. U.S. Const. amends. VI and XIV.

*See State v. Wogenstahl*, 2017-Ohio-6873, ¶ 3.

{¶ 8} In July 2017, we determined that the trial record did not establish in which state the child was murdered.  *Id*. at ¶ 47.  However, the applicable version of R.C. 2901.11(D) provided:

When an offense is committed under the laws of this state, and it appears beyond a reasonable doubt that the offense or any element thereof took place either in Ohio or in another jurisdiction or jurisdictions, but it cannot be reasonably determined in which it took place, such offense or element is conclusively presumed to have taken place in this state for purposes of this section.

Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1893.  Applying R.C. 2901.11(D), we concluded that Ohio had jurisdiction over the aggravated-murder charge.  *Wogenstahl*, 2017-Ohio-6873, at ¶ 2.

{¶ 9} In a concurring opinion, Justice French agreed that the location of the murder could not be determined and that the trial court therefore had jurisdiction under R.C. 2901.11(D).  *Id*. at ¶ 49.  But she also posited that "[t]here is at least a colorable argument that the conclusive presumption of jurisdiction in R.C. 2901.11(D) violates the Due Process Clause of the Fourteenth Amendment to the

United States Constitution." *Id*. at ¶ 50. She noted that R.C. 2901.11(D) "[b]y its plain terms . . . creates a mandatory presumption of jurisdiction: the jurisdiction of the Ohio courts is 'conclusively' presumed." *Id*. at ¶ 51. And she wrote that "[i]t appears, then, that R.C. 2901.11(D) [is an unconstitutional mandatory presumption] *if* jurisdiction is an element of the offense that the state bears the burden of proving." (Emphasis in original.) *Id.* However, since the issue had not been briefed, she presumed that the statute was constitutional and joined the majority's judgment.

{¶ 10} In August 2017, Wogenstahl filed in this court a "motion for rehearing and/or reconsideration." In that motion, Wogenstahl argued that jurisdiction was an element of the offense that the State must prove beyond a reasonable doubt. We denied the motion. *State v. Wogenstahl*, 2017-Ohio-9111.

{¶ 11} In May 2018, Wogenstahl moved "for order or relief" under S.Ct.Prac.R. 4.01, asking us to vacate his conviction date and reopen his appeal again to allow him to raise a constitutional challenge to R.C. 2901.11(D). And in August 2018, Wogenstahl filed a "motion to reopen his direct appeal to challenge the constitutionality of [R.C.] 2901.11(D) as written in 1991." We denied both requests. *State v. Wogenstahl*, 2018-Ohio-3025; *State v. Wogenstahl*, 2018-Ohio-4288.

{¶ 12} That same year, the United States Supreme Court denied Wogenstahl's petition for a writ of certiorari on his reopened appeal, in which he raised the same constitutional arguments. *Wogenstahl v. Ohio*, 584 U.S. 1004 (2018).

{¶ 13} In January 2023, Wogenstahl filed a delayed application to reopen his direct appeal in the court of appeals. He argued that his appellate counsel had failed to argue that the trial court lacked subject-matter jurisdiction and that his conviction and sentence violated his rights to due process and a fair trial. Wogenstahl also argued that he had been denied the effective assistance of appellate counsel because of counsel's failing to argue on direct appeal that trial counsel was

ineffective for not challenging the constitutionality of R.C. 2901.11(D). His sole argument to show good cause for his delayed filing was that jurisdiction "may be challenged at any time" and that an argument attacking jurisdiction cannot be waived.

{¶ 14} The court of appeals denied Wogenstahl's application as untimely and barred by res judicata. Regarding res judicata, the court of appeals concluded that the doctrine applied because we reopened Wogenstahl's direct appeal in 2016 and determined in that reopened appeal that Ohio had had jurisdiction to try him for aggravated murder in 1991. Reasoning that "a court's jurisdiction may not be repeatedly attacked," the court of appeals decided that because "this [was] not Wogenstahl's first challenge to the trial court's subject-matter jurisdiction, [it could] not say that Wogenstahl ha[d] demonstrated good cause to reopen his direct appeal."

{¶ 15} Wogenstahl appealed as a matter of right. S.Ct.Prac.R. 5.01(A)(2). In his first proposition of law, Wogenstahl argues that R.C. 2901.11(D) creates a mandatory presumption that relieves the State of its burden of proof in violation of Wogenstahl's constitutional rights to due process and a fair trial. In a subargument under his first proposition of law, Wogenstahl asserts that the court of appeals' holdings that he lacked good cause for delay and that his application for reopening was barred by res judicata were wrong. Wogenstahl contends in his second proposition of law that he was deprived of the effective assistance of counsel when trial counsel failed to challenge the constitutionality of R.C. 2901.11(D) at the time of trial.

## II. Law and Analysis

### A. App.R. 26(B)

{¶ 16} App.R. 26(B)(1) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." However, "[a]n

application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1).

{¶ 17} Our review of the court of appeals' interpretation and application of App.R. 26(B) presents a question of law, which we review de novo. *See State v. Leyh*, 2022-Ohio-292, ¶ 14.

{¶ 18} The First District journalized its judgment in Wogenstahl's direct appeal on November 30, 1994, which means that Wogenstahl was required to file an App.R. 26(B) application to reopen no later than February 28, 1995. *See Wogenstahl,* 1994 WL 686898, at *16. The application to reopen that he filed in 2023—nearly 30 years later—was therefore untimely and subject to dismissal absent a showing of good cause to excuse the delay in filing. *See* App.R. 26(B)(1).

{¶ 19} Wogenstahl has failed to establish good cause for the delay. Tellingly, he was aware of the potential argument that former R.C. 2901.11(D) created an unconstitutional mandatory presumption in July 2017. *See Wogenstahl*, 2017-Ohio-6873, at ¶ 50 (French, J., concurring). In his August 2017 motion for reconsideration, Wogenstahl argued that the State bears the burden to prove that Ohio had jurisdiction in his case. He challenged the constitutionality of former R.C. 2901.11(D) in a May 2018 motion for order or relief, and then he asked this court to reopen his appeal on the same basis in August 2018. At any of those times, Wogenstahl could have applied to reopen his direct appeal in the court of appeals, but he did not, and he gives no explanation for why he waited years to seek relief in the appellate court. It was not for want of counsel—one of the attorneys representing him today represented him in 2017. So even if he had good cause for the delay when he first discovered the constitutional argument he now brings, it "has long since evaporated. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period," *State v. Fox*, 1998-Ohio-517, ¶ 7.

**{¶ 20}** The conclusion that Wogenstahl has failed to demonstrate good cause is buttressed by our consistent application of the App.R. 26(B) "good cause" standard in capital cases. For instance, we have found that no good cause existed when the public defender failed "to assign counsel to work on an application that should have been filed" five months earlier, *State v. Hancock*, 2006-Ohio-658, ¶ 9, and when "the public defender's office was extremely busy," *State v. Williams*, 1996-Ohio-313, ¶ 5. Nor does the failure to identify an application to reopen as a potentially viable form of relief excuse a delayed application; we have explained that "'[l]ack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." (Ellipsis added in *LaMar*.) *State v. LaMar*, 2004-Ohio-3976, ¶ 9, quoting *State v. Reddick*, 1995-Ohio-249, ¶ 8. And in a situation similar to the instant case, we have held that there was no good cause shown when the appellant did not "explain why counsel failed to file the application for reopening for over four years subsequent to counsel's appointment as [the appellant's] postconviction counsel," *State v. Myers*, 2004-Ohio-3075, ¶ 7.

**{¶ 21}** Wogenstahl contends that the fact that a challenge to a court's subject-matter jurisdiction can never be waived establishes good cause for his delayed filing. But that argument conflates the good-cause requirement with the merits of his ineffective-assistance-of-counsel claim. The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel. *See State v. Farrow*, 2007-Ohio-4792, ¶ 7 (holding that the court of appeals properly declined to reach the merits of the appellant's claim of ineffective assistance of counsel when the appellant failed to establish good cause for the delay in filing the application).

**{¶ 22}** The court of appeals therefore properly denied Wogenstahl's application to reopen.

*B. Successive Applications to Reopen*

**{¶ 23}** Even if Wogenstahl established good cause for delay in filing his challenge to the trial court's jurisdiction, this court has explained that "'there is no right to file successive applications for reopening' under App.R. 26(B)," *State v. Twyford*, 2005-Ohio-4380, ¶ 6, quoting *State v. Williams*, 2003-Ohio-3079, ¶ 12. We have reasoned that "'"[o]nce ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation."' " *Id.*, quoting *Williams* at ¶ 10, quoting *State v. Cheren*, 1995-Ohio-28, ¶ 2.

**{¶ 24}** Wogenstahl resists the application of this long-established rule to his case by arguing that the constitutionality of former R.C. 2901.11(D)—and therefore the subject-matter jurisdiction of the trial court—"has never been fully litigated." However, "[t]he doctrine of res judicata bars someone from raising a claim that *could have been raised and litigated* in a prior proceeding." (Emphasis added.) *State v. Blanton*, 2022-Ohio-3985, ¶ 2. The constitutionality of former R.C. 2901.11(D) could have been raised in his direct appeal, and the ineffectiveness of appellate counsel in failing to do so could have been raised in his first application to reopen his direct appeal. And he did challenge the constitutionality of former R.C. 2901.11(D) in motions he filed in the appeal we reopened—he was just unsuccessful.

**{¶ 25}** Further, the doctrine of res judicata applies to prior determinations that a court has subject-matter jurisdiction. *Travelers Indemn. Co. v. Bailey*, 557 U.S. 137, 153-154 (2009). "[I]t is established that '[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.' " (Second brackets added in *Peoples*.) *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140, ¶ 13, quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, fn. 9 (1982); *see also*

*Claxton v. Simons*, 174 Ohio St. 333 (1963), paragraph four of the syllabus ("if the court determines that [a] judgment is not void as a judgment against [a person], even though that determination is erroneous on the facts and on the law, the determination is res judicata between the parties and can only be attacked directly by an appeal therefrom").

**{¶ 26}** And res judicata also bars a party from litigating a constitutional issue that could have been raised on appeal in a prior proceeding. *See Blanton* at ¶ 92; *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶ 27}** This court held in the reopened appeal that the trial court had subject-matter jurisdiction over the aggravated-murder charge pursuant to R.C. 2901.11(D), and that holding bars as res judicata Wogenstahl's successive application to reopen, regardless of whether his claim is framed as a challenge to the constitutionality of that statute or as an attack on the subject-matter jurisdiction of the trial court.

### III. Conclusion

**{¶ 28}** Wogenstahl had ample opportunity to challenge the constitutionality of R.C. 2901.11(D) before now but failed to do so in a timely manner. The court of appeals therefore correctly denied Wogenstahl's delayed application for reopening. Consequently, we affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

_____

**LUCCI, J., joined by DONNELLY, J., concurring.**

**{¶ 29}** This court settled the issue in the instant appeal in *State v. Wogenstahl*, 2017-Ohio-6873, ¶ 47, when it declared:

> We find that it cannot be determined whether [the child] was murdered in Ohio or Indiana. Therefore, under R.C. 2901.11(D),

10

the offense is conclusively presumed to have taken place in Ohio. Accordingly, we hold that Ohio had jurisdiction over the aggravated-murder charge.

**{¶ 30}** We are here once again because appellant, Jeffrey Wogenstahl, waited six years to raise the issue with a different twist that is based on the concurring and dissenting opinions in this court's 2017 decision. Wogenstahl relies primarily on Justice French's concurring opinion, which stated:

> I agree with the majority's conclusion that the location of [the child]'s murder cannot be determined and that jurisdiction is therefore proper in Ohio under R.C. 2901.11(D). I write separately because I believe that there is a reasonable question as to the constitutionality of that statute and that this court should have invited the parties to brief the issue before determining whether to uphold Wogenstahl's capital conviction.
>
> …
>
> By its plain terms, R.C. 2901.11(D) creates a mandatory presumption of jurisdiction: the jurisdiction of the Ohio courts is "conclusively" presumed. It appears, then, that R.C. 2901.11(D) violates the rule of *Francis* [*v. Franklin*, 471 U.S. 307 (1985),] and *Sandstrom* [*v. Minnesota*, 442 U.S. 510 (1979),] *if* jurisdiction is an element of the offense that the state bears the burden of proving. This court has not directly addressed that question. I note, however, that this court has held that venue is an element of the crime that the state must prove beyond a reasonable doubt. *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 1-2, 22.

(Emphasis in original.) *Wogenstahl*, 2017-Ohio-6873, ¶ 48-51 (French, J., concurring).

{¶ 31} Although I concur in the majority's judgment and join its opinion, I write separately because even if, as suggested in the dissenting opinion, we consider the merits of Wogenstahl's claim, he cannot prevail in this appeal because there is *not* a colorable argument that the mandatory presumption set forth in former R.C. 2901.11(D) violates his right to due process under the Fourteenth Amendment to the United States Constitution, his right to a jury trial under Article I, Section 5 of the Ohio Constitution, or the rule of *Francis* and *Sandstrom*, as he has failed to establish that jurisdiction is an element of the offense that the State bears the burden of proving. *See Francis*; *Sandstrom*.

{¶ 32} Jurisdiction refers to multiple limitations on a court's authority to take action on a particular charge. 4 LaFave, Israel, King & Kerr, *Criminal Procedure*, § 16.1(a) (4th Ed. 2023). Territorial jurisdiction relates to "those limits on authority stemming from 'the permissible geographic scope of penal legislation.' " Kerfoot, *Territorial Jurisdiction in Ohio Post-*Wogenstahl, 71 Case W.Res.L.Rev. 1147 (2021), quoting LaFave at § 16.4(a); *see also State v. Jacob*, 2009-Ohio-7048, ¶ 38 (2d Dist.) (Grady, J., concurring) ("A court's territorial jurisdiction is its power over cases arising in or involving persons within a defined geographical unit.")

{¶ 33} Significantly, my research fails to disclose any Ohio court that has universally deemed jurisdiction of any sort—including territorial jurisdiction, which is our focus here—a material element of a charged crime. Jurisdiction is not an element of the offense unless specifically prescribed as such by law; nor is it a matter for the jury's determination. Jurisdiction is a matter for determination by the court. Indeed, jurisdiction is determined before a jury is even impaneled. The jurisdictional issue was necessarily preliminary to the trial in Wogenstahl's criminal case. And given that the issue was whether it clearly appeared that the act

or physical contact that caused the death of the child, or the death itself, could have occurred only in Indiana rather than in Ohio, its resolution did not affect the question of Wogenstahl's guilt or innocence. The issue of territorial jurisdiction affected only the right of the court to try Wogenstahl in Ohio—a matter that this court previously resolved in *Wogenstahl*, 2017-Ohio-6873, by concluding that Ohio had jurisdiction to try Wogenstahl on the aggravated-murder charge. *Id.* at ¶ 2.

{¶ 34} Moreover, the matter of jurisdiction, as a question of law, is reviewed on appeal de novo, and factual findings with respect to jurisdiction are reviewed only for clear error. *ABN AMRO Mtge. Group, Inc. v. Evans*, 2011-Ohio-5654, ¶ 5 (8th Dist.), citing *Udelson v. Udelson*, 2009-Ohio-6462, ¶ 13 (8th Dist.); *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002). Accordingly, territorial jurisdiction is not a factual element of a charge but a matter of law for the court to determine.

{¶ 35} Additionally, the concept of venue, prescribed in R.C. 2901.12, as distinguished from territorial jurisdiction, refers to the appropriate geographical location for the trial of a criminal case within Ohio. While territorial jurisdiction must be established first, venue determines the specific location within Ohio where the trial should take place. *Armengau v. Warden, London Corr. Inst.*, No. 2:19-CV-1146, 2021 WL 5114050, at *24 (S.D. Ohio Nov. 3, 2021); *State v. Armengau*, 2017-Ohio-4452, ¶ 106 (10th Dist.).

{¶ 36} Venue is not a material element of any crime but, unless waived, is a fact that must be proven at trial beyond a reasonable doubt.[1] *See* Ohio Const., art. I, § 10 (the party accused shall be allowed a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed); R.C. 2901.12; *State v. Were*, 2008-Ohio-2762, ¶ 149; *State v. Barr*, 2004-Ohio-3900, ¶ 2 (7th Dist.); *State v. Carpenter*, 2019-Ohio-58, ¶ 89 (3d Dist.); *State v. Young*,

---

1. There are pattern jury instructions for the issue of venue but not for jurisdiction. *See* Ohio Jury Instructions, CR § 413.07 (Rev. May 21, 2022).

2017-Ohio-1400, ¶ 13 (9th Dist.). The elements of the offense charged and the matter of venue are separate and distinct. *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981). Nevertheless, venue is a fact that must be proved beyond a reasonable doubt unless the defendant waives it. *State v. Jackson*, 2014-Ohio-3707, ¶ 143.

{¶ 37} The essential elements of the crime of aggravated murder as charged in this case were stated in the version of R.C. 2903.01(B) in effect on November 24, 1991:

> No person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape.

Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 3. The foregoing are the elements, along with venue, that the State was required to prove to the jury beyond a reasonable doubt. And the State met its burden of proof.

{¶ 38} In one of Wogenstahl's previous appeals, this court stated:

> There are two problems with Wogenstahl's argument. First, although the Indiana side of State Street itself does not enter Ohio, there are side streets that intersect State Street that do lead into Ohio, and Wogenstahl could have turned down one of them before returning to Indiana. Second, and more importantly, R.C. 2901.11(B) would allow Ohio to assert jurisdiction if the victim's death occurred in Ohio *or* if the fatal act occurred in Ohio, even if death ultimately occurred in another jurisdiction. The UDF employee's testimony may establish that [the child] was *alive* at

14

3:15, but it does not show that she was *unharmed*.  The fatal injuries may have been inflicted earlier.  Therefore, Wogenstahl has not shown that Ohio does not have jurisdiction.

Wogenstahl also asserts that we found in our earlier opinion in this case that the murder occurred in Indiana.  In support of this assertion, he quotes the following language from that opinion: "[Wogenstahl] physically restrained [the child] and bound her arms in the clothing she was wearing.  A knife was held to [the child]'s neck.  She was transported in [Wogenstahl]'s vehicle across the Ohio-Indiana border."  75 Ohio St.3d [344,] 367, 662 N.E.2d 311[ (1996)].  In isolation, this sentence could be read to suggest that [the child] was alive when the pair crossed the state line.  But the *very next sentence* in the opinion reads, "*At some point*, [Wogenstahl] killed [the child] when he realized that he could not return her to the apartment without being identified as the perpetrator of the aggravated burglary and/or kidnapping offenses."  (Emphasis added.)  *Id.*  Plainly, we took no position as to when in the sequence of events the murder occurred.

Finally, Wogenstahl asserts that at trial, the state alleged that the murder had occurred in Indiana.  In closing argument, the prosecutor described [the child] dying under the juniper tree where she was found.  However, as the trial judge instructed the jurors, closing arguments are not evidence.  *State v. Maurer*, 15 Ohio St.3d 239, 269, 473 N.E.2d 768 (1984).  Moreover, as discussed above, Ohio can claim jurisdiction if the fatal blow was struck in Ohio, even if she survived long enough to die in Indiana.

The evidence does not establish that the murder occurred in Indiana.

(Emphasis in original.) *Wogenstahl*, 2017-Ohio-6873, at ¶ 43-46.

{¶ 39} In his current appeal, Wogenstahl relies on *State v. Yarbrough*, 2004-Ohio-6087, *superseded by statute as stated in State v. Froman*, 2020-Ohio-4523, but the court in *Yarbrough* distinguished that case from the *Wogenstahl* case, stating:

Ohio jurisdiction has been upheld under R.C. 2901.11(D) in several cases in which the murder victim was found out of state, and there was evidence that the murder occurred in Ohio or the location of the murder could not be determined. *See State v. Hubbard* (Feb. 5, 2001), Butler App. No. CA99-12-222, 2001 WL 121122 (defendant killed girlfriend in Ohio and moved body to Tennessee); *State v. Phelps* (Sept. 19, 1996), Cuyahoga App. No. 69157, 1996 WL 532092 (blow causing death occurred in Ohio and the body was found in Pennsylvania); *State v. Boyle* (Sept. 26, 1991), Richland App. No. CA-2784, 1991 WL 208063 (wife murdered at Ohio residence and her remains found in Pennsylvania). Unlike in those cases, the evidence in this case unmistakably shows that [the victims] were not shot and killed in Ohio.

*Yarbrough* at ¶ 49.

{¶ 40} In this case, Wogenstahl asserts that because it cannot be definitively determined whether the act that caused the victim's death occurred in Ohio or Indiana, Ohio courts lack jurisdiction over the matter. However, R.C. 2901.11(D) addresses situations in which an offense occurs in multiple jurisdictions or the exact location of the offense cannot be determined. The statute provides that if it cannot reasonably be determined where the offense or any element thereof occurred, it is

conclusively presumed to have taken place in Ohio for jurisdictional purposes. The statute is necessary to avoid absurd results.

{¶ 41} The language of former R.C. 2901.11(B) narrowed the scope of former R.C. 2901.11(A)(1) in homicide cases, so that course-of-conduct elements under former R.C. 2901.11(A)(1) give Ohio courts territorial jurisdiction only if the act that caused death, the physical contact that caused death, or the death itself occurred in Ohio. That is what this court unanimously held in *Yarbrough*, 2004-Ohio-6087, at ¶ 43.

{¶ 42} It appears that former R.C. 2901.11(A)(1) did not give Ohio courts territorial jurisdiction over Wogenstahl's aggravated-murder charges. However, because the evidence does not establish, beyond a reasonable doubt, that the act that caused death, the physical contact that caused death, or the death itself occurred in Ohio or Indiana, former R.C. 2901.11(D)'s conclusive presumption that the victim was murdered in Ohio (to establish territorial jurisdiction) was reasonable, constitutional, and a matter for the trial court to determine prior to trial and was not a matter for the jury's determination. In other words, because no one knows where the act that caused death, the physical contact that caused death, or the death itself occurred *and* because territorial jurisdiction is not an element of aggravated murder in Ohio, the trial court did not err in exercising territorial jurisdiction over Wogenstahl's case.

{¶ 43} The inability to definitively determine the location of the fatal act or death does not negate the jurisdiction of Ohio's courts when other elements of the offense occurred within the state. Ohio courts can assert territorial jurisdiction if the fatal blow was struck in Ohio, even if the child survived long enough to die in Indiana. The evidence does not establish beyond a reasonable doubt that the act that caused the child's death, or the physical contact that caused the death, or the death itself, occurred in Indiana. Therefore, even if the instant case were not barred

by the doctrine of res judicata, Wogenstahl could not prevail on a challenge to Ohio's territorial jurisdiction over the aggravated-murder charge in this case.

{¶ 44} For these reasons, I concur.

_____

**BRUNNER, J., dissenting.**

{¶ 45} It is this court's duty to ensure that any death sentence imposed in this state is "subjected to a reliable, deliberate, and rigorous constitutional review," *State v. Lawson*, 2021-Ohio-3566, ¶ 198 (Brunner, J., dissenting). This review includes testing the constitutionality of statutes that support a conviction that carries the penalty of death. This review also includes ensuring a defendant's right to effective representation at every stage of the proceedings. We do not need to consider every possible challenge a defendant may devise sometimes decades after his or her conviction. But when a colorable constitutional claim is made that if valid would render the trial court without authority to impose a death sentence, we should not rely on procedural flaws in the defendant's filing to avoid addressing it. And we should not avoid addressing such a claim just so that we will not be faced with considering similar claims in non-death-penalty cases.

**Background**

{¶ 46} In 1993, Jeffrey Wogenstahl was sentenced to death for the aggravated murder of a ten-year-old child. *State v. Wogenstahl*, 1996-Ohio-219. On November 24, 1991, the child's mother realized that she was missing from her home in Ohio. Three days later, the child's body was found in Indiana, approximately four miles from the Ohio-Indiana border. We stated that the evidence at trial did not establish that the murder was committed in Ohio. *See State v. Wogenstahl*, 2017-Ohio-6873, ¶ 47 ("We find that it cannot be determined whether [the murder was committed] in Ohio or Indiana."). But neither Wogenstahl's trial counsel nor his appellate counsel had questioned whether Ohio was the appropriate jurisdiction to prosecute the murder charge against

Wogenstahl.

{¶ 47} In 2015, Wogenstahl asked this court to reopen his appeal. He argued that the trial court had lacked jurisdiction over the aggravated-murder charge and that his trial counsel were ineffective for failing to make that argument. *See Wogenstahl*, 2017-Ohio-6873, at ¶ 3. At the time of the murder, Ohio law permitted prosecution of Wogenstahl if the State could establish beyond a reasonable doubt that "either the act which cause[d] death, or the physical contact which cause[d] death, or the death itself" had occurred in Ohio. Former R.C. 2901.11(B), Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1893. But under former R.C. 2901.11(D), if it appeared beyond a reasonable doubt that the murder or any element of the murder "took place either in Ohio or in another jurisdiction . . . , but it [could ]not reasonably be determined in which [jurisdiction] it took place, such offense or element [was] conclusively presumed to have taken place in [Ohio]." Former R.C. 2901.11(D), Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, at 1893.

{¶ 48} In 2017, when this court examined Wogenstahl's reopened appeal, we reviewed the evidence that had been presented at his trial and held that the murder was "conclusively presumed to have taken place in Ohio" under former R.C. 2901.11(D). *Wogenstahl*, 2017-Ohio-6873, at ¶ 47. Two justices questioned this legal conclusion. In addition, the concurring justice described "a colorable argument that the conclusive presumption of jurisdiction in R.C. 2901.11(D) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.* at ¶ 50 (French, J., concurring), citing *Francis v. Franklin*, 471 U.S. 307 (1985), and *Sandstrom v. Montana*, 442 U.S. 510 (1979). The concurring justice suggested "that this court should have invited the parties to brief the issue before determining whether to uphold Wogenstahl's capital conviction." *Id.* at ¶ 48. The two dissenting justices would have found that the presumption in former R.C. 2901.11(D) could not be triggered because the evidence made "it impossible

for a rational trier of fact to conclude that [the child] was killed *anywhere* in Ohio." (Emphasis in original.) *Id.* at ¶ 56 (O'Connor, C.J., dissenting). Those justices argued that Wogenstahl's conviction was void and should be vacated. *Id.* at ¶ 73.

{¶ 49} Following that decision, Wogenstahl obtained new counsel and filed a motion for rehearing and/or reconsideration. He argued that this court's decision improperly shifted the burden of proof from the State to Wogenstahl, requiring *him* to show that Ohio *did not* have jurisdiction. Wogenstahl acknowledged that whether jurisdiction is an element of the offense was not before the court and attempted to preserve his right to raise and fully brief that issue at a later time. This court denied his request for reconsideration. *See State v. Wogenstahl*, 2017-Ohio-9111.

{¶ 50} In 2018, Wogenstahl filed a motion "for order or relief" under S.Ct.Prac.R. 4.01 and a motion to reopen his direct appeal. In both motions, Wogenstahl attempted to raise a constitutional challenge to former R.C. 2901.11(D). Wogenstahl argued that under United States Supreme Court precedent, the mandatory presumption of jurisdiction under former R.C. 2901.11(D) was unconstitutional because it relieved the State of its burden of proving an element of the murder offense beyond a reasonable doubt. When Wogenstahl's 2018 motion was filed, this court had not expressly held jurisdiction to be an essential element of a criminal offense, but we had concluded that venue is. *See State v. Hampton*, 2012-Ohio-5688, ¶ 20 ("Under Article I, Section 10 [of the Ohio Constitution] and R.C. 2901.12, evidence of proper venue must be presented in order to sustain a conviction for an offense.") Wogenstahl argued that jurisdiction is a prerequisite to venue and must be proven beyond a reasonable doubt by the State.

{¶ 51} The State opposed both motions, arguing in part that Wogenstahl's claims were subsumed in this court's prior finding that Ohio had jurisdiction over the aggravated-murder charge. This court denied Wogenstahl's motions. *State v.*

*Wogenstahl*, 2018-Ohio-3025; *State v. Wogenstahl*, 2018-Ohio-4288.

{¶ 52} In 2023, in the First District Court of Appeals, Wogenstahl filed a delayed application to reopen his appeal pursuant to App.R. 26(B). Again, Wogenstahl attempted to argue that the mandatory presumption in former R.C. 2901.11(D) was unconstitutional. He argued that his appellate counsel were ineffective for failing to raise the issue in his direct appeal. The court of appeals denied his application, and Wogenstahl's appeal of that decision is now before us.

{¶ 53} The majority concludes that Wogenstahl has failed to establish good cause for filing his application outside of the time prescribed under App.R. 26(B)(1). It further concludes that even if Wogenstahl had good cause for his delay, his application would still be barred because he already had an opportunity to challenge whether he was deprived of effective assistance of counsel in his prior appeals and applications. But if Wogenstahl's death sentence is premised on a wrongful conviction, we cannot and should not blindly ignore his claim simply because of lapsed time and opportunities missed.

**Analysis**

*Subject-matter jurisdiction cannot be waived or forfeited*

{¶ 54} App.R. 26(B)(1) requires that an application to reopen be timely or that there be justification, i.e., "good cause," for the delay in filing it. Good cause simply means "[a] legally sufficient reason." *Black's Law Dictionary* (12th Ed. 2024). The standard for determining good cause is flexible, and it may be considered on a case-by-case basis, given the complexities and interests involved. *See State v. McGee*, 2013-Ohio-1853, ¶ 7 (7th Dist.). The good-cause standard does not require that we summarily turn away Wogenstahl's untimely application, and there are pertinent reasons why we should not do so but should instead find that Wogenstahl had good cause for his delay.

{¶ 55} First, the timeliness requirement in App.R. 26(B)(1) generally ensures that claims of ineffective assistance of counsel are presented at the earliest

possible opportunity to promote judicial economy and to discourage abuse of process. *See State v. Murnahan*, 63 Ohio St.3d 60, 65 (1992), *superseded by rule as stated in State v. Davis*, 2008-Ohio-4608. When the claim of ineffective assistance of counsel is based on counsel's failure to challenge the jurisdiction of the trial court, the good-cause-for-delay issue is irrelevant. This is because whenever "a court acts without jurisdiction . . . any proclamation by that court is void." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 1998-Ohio-275, ¶ 12. Thus, jurisdiction can be raised at any time and can never be waived. *State v. Mbodji*, 2011-Ohio-2880, ¶ 10.

{¶ 56} It is just as much our obligation as it is counsel's duty to raise the issue of jurisdiction, even when the parties have not. *State v. Noling*, 2013-Ohio-1764, ¶ 10, quoting *State v. Davis*, 2011-Ohio-5028, ¶ 11 ("'Subject-matter jurisdiction cannot be waived and is properly raised by this court sua sponte.' "). This court routinely raises questions of jurisdiction sua sponte. *See, e.g.*, *State v. Jones*, 2023-Ohio-4615 (sua sponte ordering the parties to file supplemental briefs following oral argument to address whether this court had jurisdiction over the appeal); *State v. Yontz*, 2022-Ohio-2745 (sua sponte raising a jurisdictional issue and vacating the court of appeals' judgment for lack of appellate jurisdiction); *State v. Patrick*, 2020-Ohio-2746 (sua sponte ordering the parties to file supplemental briefs following oral argument to address whether a statute deprived this court or the appellate court of jurisdiction over the matter); *State v. Apanovitch*, 2018-Ohio-1600 (sua sponte ordering the parties to file supplemental briefs addressing whether the trial court had jurisdiction over the defendant's petition). It is particularly incumbent on us to raise and examine the issue of jurisdiction in a death-penalty case when the establishment of jurisdiction is based on a mandatory presumption that is not subject to proof beyond a reasonable doubt. *See* R.C. 2901.11(D); *Wogenstahl*, 2017-Ohio-6873, ¶ 50 (French, J., concurring).

{¶ 57} The majority's reasoning for rejecting Wogenstahl's motion to

reopen his case is based on what it determines to be a lack of good cause for not filing it sooner. We must not capitulate to a procedural mechanism when the constitutionality of a law that otherwise renders jurisdiction to a court is in question. Underpinning Wogenstahl's motion is a credible argument concerning jurisdiction—which a court must have before it can exercise authority and which can be raised at any time. And while I recognize the research and analysis efforts of the concurring justice that lead him to a differing opinion, Wogenstahl should be permitted to present his own research and analysis so that he may be heard and so this court has a full record that includes Wogenstahl's arguments on this critical issue.

{¶ 58} Wogenstahl's arguments call into question the integrity of his death sentence and thereby the integrity of the State's processes in imposing it. Judicial economy and potential abuse of process by a litigant should not impede this court's duty to ensure that the State's imposition of the death penalty is constitutionally sound. This is implicit in our statutorily required plenary review of each and every death sentence imposed in this State. *See* R.C. 2929.05.

*Res judicata should not be applied when it leads to an unjust result*

{¶ 59} The other basis the majority leans on to reject Wogenstahl's claims is the doctrine of res judicata. The majority concludes that Wogenstahl could have raised the issues he presents in his current application in his prior appeal and in his first application to reopen and that because he failed to do so, he is now barred from raising those claims. Majority opinion, ¶ 23-26. This is inapposite in a death-penalty appeal, in which our duty sometimes leads to an undesirable outcome in order to "preserve the integrity of the criminal-justice system in Ohio," *Wogenstahl*, 2017-Ohio-6873, at ¶ 54 (O'Connor, J., dissenting). Our failure to rigorously test jurisdiction by requiring a constitutional review of former R.C. 2901.11(D) subjects Ohio's criminal-justice system to the public perception that it is indifferent to our constitutional rights. To those who support the imposition of the death penalty,

consider that the result of clutching to it as the ultimate form of punishment without the courage to examine a court's authority to apply it in any given case will shorten the road to its demise.

**{¶ 60}** The majority also reasons that Wogenstahl's constitutional claims have been before this court but that "he was just unsuccessful." Majority opinion at ¶ 24. Wogenstahl has thus far only been permitted to *attempt* to raise a finger to point to his constitutional challenge to former R.C. 2901.11(D). His lack of success in having any appellate court actually *consider* his claim has circularly become the *basis* for the majority's rejection of his application to reopen his appeal. The sum and substance of Wogenstahl's arguments have yet to be heard: neither the constitutionality of former R.C. 2901.11(D) nor the effectiveness of Wogenstahl's counsel for failing to raise the claim has ever been *litigated* or reviewed.

**{¶ 61}** Ordinarily, one forfeits a claim that could have been but was not raised at a prior stage of a case. But this case is not ordinary. Wogenstahl's claims implicate the jurisdiction of the trial court, and as such, his arguments cannot be waived and may be raised at any time. *See State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 2023-Ohio-3534, ¶ 15. Res judicata does not apply to a judgment that was entered by a court without jurisdiction. Moreover, this court has settled the law that, for res judicata to apply, a *valid* judgment is required. *Grava v. Parkman Twp.*, 1995-Ohio-331, ¶ 13. ("Today, we expressly adhere to the modern application of the doctrine of *res judicata*, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25, and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). To hold otherwise is a political seizure of power that the people of Ohio have never granted to this court. Ohio Const., art. I, § 2 ("All political power is inherent in the people."). And finally, the doctrine of res judicata is not to be applied in a manner that results in an injustice. *See Lycan v. Cleveland*, 2022-Ohio-

24

4676, ¶ 42 (O'Connor, C.J., dissenting).

**{¶ 62}** In the first reopening of Wogenstahl's appeal, we concluded that the trial court had subject-matter jurisdiction over the aggravated-murder charge under former R.C. 2901.11(D), but we did so without examining whether that statute was constitutional. That holding does not bar the claim Wogenstahl asks us to examine today.

**Conclusion**

**{¶ 63}** For the foregoing reasons, I would reverse the First District Court of Appeals' judgment and order that court to reopen Wogenstahl's appeal for further briefing on the assignments of error raised in his application.

_____

Melissa A. Powers, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

Elizabeth R. Miller, Ohio Public Defender, and Kimberly S. Rigby, Managing Counsel, Death Penalty Department, and Cassandra S. Goodpaster, Assistant State Public Defender, for appellant.

_____